IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREGORY SCOTT BERG and | ) | Case No. 09-10363 |
| JENNIFER MARIA BERG | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| EVERETT B. SASLOW, JR., TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 09-02041 |
| v. | ) | |
| | ) | |
| TRSTE, INC.; WACHOVIA BANK, | ) | |
| NATIONAL ASSOCIATION; GREGORY | ) | |
| SCOTT BERG; AND JENNIFER MARIA | ) | |
| BERG | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court upon the Motion for Summary Judgment (the "Motion") filed pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure by Plaintiff Everett B. Salsow, Jr. (the "Trustee"), on October 15, 2009. The remaining defendants, Gregory S. Berg and Jennifer M. Berg (the "Debtors"), have not filed a response to the Motion. After consideration of the Motion, the arguments of the Trustee, and the relevant law, the Court will grant the Motion.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28

U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (E), and (K) which this Court has the jurisdiction to hear and determine.

## II.  BACKGROUND AND PROCEDURAL HISTORY

The facts are drawn from the pleadings in this case and are not in dispute.  On May 23, 2007, a deed conveying real property located at 8267 Coldwater Road, Stokesdale, Guilford County, North Carolina (the "Property") to the Debtors was recorded in Book 6728, Page 261 of the Guilford County Registry.  Also on May 23, 2007, a first deed of trust in favor of TRSTE, Inc. and Wachovia Mortgage Corporation was recorded in Book 6728, Page 263 of the Guilford County Registry.  On July 20, 2007, an Affidavit of Lost Document was recorded in Book 6760, Page 813 of the Guilford County Registry (the "Second Deed of Trust Affidavit").  The Second Deed of Trust Affidavit relates to what Wachovia Bank, National Association (the "Bank") intended to be a second priority deed of trust in the name of the male Debtor alone in favor of TRSTE, Inc. and the Bank on the Property.  The deed of trust purported to secure a note signed by the male Debtor in an amount of up to $28,000.00.  The unpaid principal indebtedness of the note is $28,042.00.  On August 27, 2007, an open-end deed of trust in favor of TRSTE, Inc. and the Bank was recorded in Book 6778, Page 2389 of the Guilford County Registry (the "Third Deed of Trust").  This deed of trust was also in the name of the male Debtor only, and purports to secure a note in an amount of up to $56,000.00.  The unpaid principal indebtedness of the note is $27,554.00.

On March 4, 2009, the Debtors filed their voluntary petition under Chapter 7 of the

Bankruptcy Code.  On May 27, 2009, the Trustee commenced this adversary proceeding seeking to avoid the second and third liens claimed in favor of TRSTE, Inc. and the Bank, recover the Property as property of the estate, and sell the Property for the benefit of the estate.

On June 25, 2009, this Court entered a Consent Order executed by all parties to this adversary proceeding, which resolved the claims against TRSTE, Inc. and the Bank.  The Consent Order stated that both the Second Deed of Trust Affidavit and the Third Deed of Trust are insufficient to create a properly perfected security interest on the Property and are therefore avoided pursuant to Section 544(a) of the Bankruptcy Code.  Thereafter on July 10, 2007, TRSTE, Inc. and the Bank were voluntarily dismissed from this adversary proceeding.

On October 15, 2009, the Trustee timely filed the Motion, requesting summary judgment against the Debtors, who are the only remaining defendants.  The Debtors did not respond.

### III.  STANDARD FOR SUMMARY JUDGMENT

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which is made applicable to this Adversary Proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure.  Rule 56 provides that the moving party will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970).  When considering a motion for summary judgment, a court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Shaw v. Stroud, 13 F.3d 791, 798

(4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).  The moving party has the burden of establishing that there is an absence of any genuine issue of material fact, and all reasonable inferences must be drawn in favor of the nonmoving party.  Celotex, 477 U.S. at 323.

### IV.  ANALYSIS

Pursuant to Local Bankruptcy Rule 7056-1(c), a response and brief in opposition to a motion for summary judgment may be filed within 20 days of the filing of the motion for summary judgment.  LBR 7056-1(g) provides that if a respondent fails to file a response within the time required by LBR 7056-1(c), then the motion may be considered and decided as an uncontested motion.  The Debtors failed to respond to the Motion.  Pursuant to Local Rule 7056-1(c), the Motion is an uncontested motion.

### IV.  CONCLUSION

Because the Court finds that no genuine issue exists as to any material fact and the Trustee is entitled to a judgment as a matter of law, and because the Debtors failed to respond to the Motion, the Motion will be granted.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREGORY SCOTT BERG and | ) | Case No. 09-10363 |
| JENNIFER MARIA BERG | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| EVERETT B. SASLOW, JR., TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 09-02041 |
| v. | ) | |
| | ) | |
| TRSTE, INC.; WACHOVIA BANK, | ) | |
| NATIONAL ASSOCIATION; GREGORY | ) | |
| SCOTT BERG; AND JENNIFER MARIA | ) | |
| BERG | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PARTIES IN INTEREST**

Gregory and Jennifer Berg

Everett B. Salsow, Jr., Trustee

Michael D. West, Esq.

Wachovia Bank, NA

TRSTE, Inc.